DLD-308                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2848
_____

IN RE:  AHMED J. AWAN,
                                    Petitioner

_____

On Appeal from the United States District Court
for the District of New Jersey
(Related to D.C. Civil No. 14-cv-00534)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 24, 2014

Before: SMITH, HARDIMAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 6, 2014 )
_____

OPINION
_____

PER CURIAM

Ahmed J. Awan petitions this Court for a writ of mandamus directing the United

States District Court for the District of New Jersey to rule on his motions for

reconsideration.  For the reasons that follow, we will deny Awan's mandamus petition.

In January 2014, Awan filed in the District Court a complaint pursuant to <u>Bivens</u>

<u>v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Concluding that Awan had not paid the filing fee or submitted a complete application to

proceed in forma pauperis, the District Court entered an order on February 7, 2014, administratively terminating the action.[1]  However, the District Court granted Awan an opportunity reopen the action by either paying the filing fee or submitting a complete in forma pauperis application.  On February 21, 2014, Awan filed another application to proceed in forma pauperis.  By order entered on April 4, 2014, the District Court denied Awan's in forma pauperis application because he again failed to include a certified six-month prison account statement.  However, the Court granted Awan another opportunity to reopen the action within thirty days of entry of its order if he filed the appropriate documentation.

Awan subsequently filed a notice of appeal seeking review in this Court of the District Court's April 4, 2104 order.  Although that appeal remains pending, he has petitioned this Court for a writ of mandamus directing the District Court to rule on two outstanding motions for reconsideration that he submitted to the District Court, both of which sought review of the District Court's earlier February 7, 2014 order.[2]

A writ of mandamus is a drastic remedy available only in extraordinary circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.

---

[1] The District Court specifically noted that the in forma pauperis application that Anwan submitted with his complaint was incomplete because it did not include a *certified* copy of his prisoner account statement.

[2] Awan acknowledges that only one of those motions was filed in the District Court and that it was entered on the docket as merely a "letter" from Awan to the Court.  Awan claims that the District Court entirely failed to docket his other motion for reconsideration.

2005).  A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Notably, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ.  See Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996).

Awan has not demonstrated extraordinary circumstances justifying mandamus relief.  Any errors the District Court allegedly made concerning the denial of his application to proceed in forma pauperis are properly the subject of the appeal which is currently pending before this Court.  Accordingly, the petition for a writ of mandamus is denied.